**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**BART ALLEN MILLER,**

       **Movant,**

**v.**                              **Case No. 2:16-cv-05723**
                                     **Case No. 2:02-cr-00035**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant, Bart Allen Miller's (hereinafter "Defendant" Motion to Vacate, Set Aside or Correct Sentence (ECF No. 38).   This matter is assigned to the Honorable John T. Copenhaver, Jr., and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and the Standing Order of this Court entered on May 31, 2016.   For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's section 2255 motion, vacate and set aside Defendant's judgment, and resentence Defendant to time served with a corrected term of supervised release of three years.

## PROCEDURAL HISTORY

On April 1, 2002, Defendant pled guilty in this United States District Court, pursuant to a written plea agreement, to a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).   (ECF Nos. 18-19).

However, Defendant's indictment further alleged that he had the following prior felony convictions:

1.    Unlawful wounding, in violation of W. Va. Code § 61-2-9 (1983);

2.    Grand larceny, in violation of W. Va. Code § 61-3-13 (1986);

3.    Breaking and entering, in violation of W. Va. Code § 61-3-12 (1987);

4.    Breaking and entering, in violation of W. Va. Code § 61-3-12 (1991) (two counts);

5.    Third degree sexual assault, in violation of W. Va. Code § 61-8B-5 (1991).

(ECF No. 9).    Defendant's Presentence Investigation Report ("PSR") identified the sexual assault conviction, the two 1991 breaking and entering convictions, and the unlawful wounding conviction as predicate offenses that could serve as "violent felonies" to support a finding that Defendant was an armed career criminal, as defined by 18 U.S.C. § 924(e), the "Armed Career Criminal Act" or "ACCA").[1]    There does not appear to have been any dispute that, under the law at the time of Defendant's sentencing, Defendant qualified to be sentenced as an armed career criminal.

---

[1]  The ACCA provides for a sentencing enhancement, including a mandatory minimum sentence of 15 years of imprisonment, for a felon possessing a firearm or ammunition when the defendant already has three prior convictions for violent felonies and/or serious drug offenses.  18 U.S.C. §§ 922(g)(1) and 924(e)(1). Without such enhancement, Defendant would have been subject to a ten-year statutory maximum sentence. The ACCA defines a "violent felony" as a crime punishable ... by imprisonment for a term exceeding one year ... that

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C. § 924(e)(2)(B) (Emphasis added).    The bolded portion of this definition is known as the Act's "residual clause."

2

At sentencing, which occurred on August 19, 2002, the district court found Defendant to be an armed career criminal and sentenced him to serve 188 months in prison, followed by a five-year term of supervised release.   (Judgment, ECF No. 24). Defendant did not appeal his conviction and sentence to the United States Court of Appeals for the Fourth Circuit.   Nor did he file a prior section 2255 motion.

On June 17, 2015, Defendant completed his term of imprisonment and began serving his five-year term of supervised release.   (ECF No. 42 at 2).

On June 26, 2015, the Supreme Court decided *United States v. Johnson*,135 S. Ct. 2551 (2015), holding that the residual clause of the ACCA is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and, therefore, was a substantive, rather than a procedural, decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

On May 11, 2016, the Federal Public Defender for the Southern District of West Virginia was appointed to represent Defendant for the purpose of determining whether Defendant qualifies for federal habeas relief in light of *Johnson*.   On June 24, 2016, Defendant, by counsel, timely filed the instant Motion to Vacate, Set Aside or Correct Sentence addressing his *Johnson* claim.   (ECF No. 38).   Defendant's motion asserts that this Court should vacate his sentence and re-sentence him without any further term of supervised release.

3

On July 26, 2016, the United States of America ("the government") filed a Response to Defendant's section 2255 motion (ECF No. 42), in which the government, without conceding the merits of Defendant's arguments, acknowledges that it has no objection to re-sentencing Defendant and reducing his term of supervised release from five years to three years.

On August 10, 2016, Defendant, by counsel, filed a Reply brief reiterating his position that his sentence must be vacated as unconstitutional and that he should not be required to serve a term of supervised release because supervised release is not required. On September 13, 2016, Defendant, by counsel, filed a Notice of Additional Authority (ECF No. 44) addressing additional authority in support of his claim that his breaking and entering offenses are no longer violent felonies.

## ANALYSIS

### A.    Defendant no longer qualifies for an ACCA enhancement.

In light of *Johnson* and *Welch*, the undersigned proposes that the presiding District Judge **FIND** that Defendant does not have three predicate offenses which qualify as a violent felony and, consequently, he no longer qualifies as an armed career criminal. Specifically, defendant's grand larceny, breaking and entering, and third degree sexual assault offenses are not enumerated offenses and each lacks an element of violent force.

### 1.    Grand Larceny.

Defendant was convicted of grand larceny in West Virginia in 1986.   As noted in Defendant's motion, in West Virginia, larceny "involves the taking and carrying away of the personal property of the owner, against the owner's will, and with the intent to permanently deprive him or her thereof." *State v. Casto*, 480 S.E.2d 525, 527-28 (W.

4

Va. 1996).   (ECF No. 38 at 7).   Grand larceny requires a larceny of goods or chattels valued in excess of $1,000.   W. Va. Code § 61-3-13(a).

Grand larceny is not an enumerated offense under the ACCA.   Moreover, Defendant further correctly notes that there is no element of force with respect to larceny because taking something from a person "with such force and fear . . . will raise the crime to robbery" and "all larceny not amounting to robbery is simple larceny."   *State v. Chambers*, 22 W. Va. 779 (W. Va. 1883).   (*Id.* at 7).   The government does not challenge this contention.   Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's grand larceny conviction is not a violent felony under the ACCA.

## 2.    Breaking and entering.

Defendant was convicted of breaking and entering in West Virginia in 1987 and again in 1991 (at which time he was convicted of two counts thereof).   Breaking and entering is a form of burglary.   In 2012, prior to the Supreme Court's decisions in *Johnson* and *Welch*, the Fourth Circuit examined the relationship between generic burglary, for the purposes of being an enumerated offense under the ACCA, and West Virginia's offense of breaking and entering in *United States v. Davis*, 680 F.3d 349 (4th Cir. 2012).   The Fourth Circuit found that an attempted breaking and entering offense under West Virginia law did not meet the enumerated offense of generic burglary but, nonetheless, was a violent felony under the ACCA's residual clause.   *Id.* at 358.

As further noted by Defendant in his Notice of Additional Authority, in *United States v. White*, 836 F.3d 437 (4th Cir. 2016), the Fourth Circuit held that, in the wake of *Johnson*, which voided the residual clause, West Virginia burglary offenses and, thus,

breaking and entering offenses, no longer qualify as violent felonies under the ACCA. Again, the government does not dispute this argument.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's West Virginia breaking and entering convictions do not qualify as violent felonies under the ACCA and cannot be used as predicate offenses for his ACCA enhancement.

### 3.    Third degree sexual assault.

In 1991, Defendant was also convicted of third degree sexual assault, in violation of West Virginia Code § 61-8B-5, which Defendant notes is also commonly referred to as "statutory rape" for which "consent to the act is irrelevant." *State v. Roy*, 460 S.E.2d 277, 279 n.1 (W.Va. 1995); *see also State v. Sayre*, 395 S.E.2d 799 (W. Va. 1990).   (ECF No. 38 at 9).   At the time of Defendant's crime, the statute required that a "person, being sixteen years old or more, engage[] in sexual intercourse or sexual intrusion with another person who is less than sixteen years old and who is at least four years younger than the defendant."   W. Va. Code § 61-8B-5(a)(2) (1984).   This crime is not an enumerated offense and, as asserted by Defendant, it does not contain an element of violent force. (*Id.*)   Again, the government does not challenge this contention.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's third degree sexual assault conviction does not qualify as a violent felony under the ACCA and cannot be used as predicate offense for his ACCA enhancement.

Based upon these proposed findings, and in light of *Johnson* and *Welch*, the undersigned further proposes that the presiding District Judge **FIND** that Defendant no longer qualifies as an armed career criminal under 18 U.S.C. § 924(e) and, thus, his ACCA

enhanced sentence exceeds the statutory maximum and is unconstitutional.[2]    Based upon these proposed findings and the government's agreement to vacate Defendant's sentence and resentence him, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 38).

## B.   The appropriate remedy is to resentence Defendant to time served and reduce his term of supervised release to three years.

As provided in 28 U.S.C. § 2255(b), the district court must vacate and set aside Defendant's judgment and then do one of the following:   (1) discharge Defendant; (2) grant Defendant a new trial; (3) resentence Defendant; or (4) correct Defendant's sentence.   *See* 28 U.S.C. § 2255(b); s*ee also United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007).   Accordingly, section 2255 "confers a 'broad and flexible' power to the district courts 'to fashion an appropriate remedy.'"   *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1992)).    Here, Defendant had already served his term of imprisonment and had been released on a five-year term of supervised release when he filed the instant motion.

---

2   It appears that Defendant's 1983 unlawful wounding conviction does qualify as a violent felony under the ACCA.   *See United States v. Covington*, 880 F.3d 129 (4th Cir. 2018) ("unlawful wounding" under W. Va. Code § 61-2-9(a) categorically qualifies as a crime of violence under the force clause of the career offender guideline of the United States Sentencing Guidelines, USSG § 4B1.2); s*ee also United States v. Wilson*, No. 17-4224, 2018 WL 1052943 (4th Cir. Feb. 26, 2018) (finding West Virginia unlawful wounding conviction is a crime of violence under the Guidelines).   Although the career offender guideline uses the term "crime of violence," the force clause therein is worded similarly to that of the ACCA definition of a "violent felony."   Thus, courts often draw from the case law analyzing convictions under the guideline when addressing the same conviction under the ACCA, and vice versa.   *See United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013); *United States v. King*, 673 F.3d 274, 279 n.3 (4th Cir. 2012) ("We rely on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the ACCA because the two terms have been defined in a manner that is 'substantively identical.'") Nevertheless, because Defendant does not have two other predicate violent felonies, he does not qualify as an armed career criminal.

Under the specific facts and circumstances of the instant case, the undersigned proposes that the presiding District Judge **FIND** that the appropriate remedy herein is that Defendant should be resentenced to time served and his term of supervised release corrected to comply with the maximum term authorized by 18 U.S.C. § 3583(b)(2). However, the parties dispute whether any term of supervised release is appropriate under the circumstances.   The government requests that Defendant's term of supervised release be reduced from five years to three years to be in line with 18 U.S.C § 3583(b)(2). Defendant, on the other hand, requests that he be resentenced without any further term of supervised release.

Defendant contends that, "unless specifically provided otherwise by statute, a court 'may include' a term of supervised release to be served following a defendant's term of imprisonment."   (ECF No. 38 at 11) (citing 18 U.S.C. § 3583(a)).   Thus, Defendant correctly asserts that a term of supervised release is not statutorily required.   (*Id.*) Defendant further asserts that, as an equitable measure in light of the additional years he served in prison under an unconstitutional sentence, the court should not re-impose any term of supervised release or should terminate the same.   (*Id.* at 11-12).[3]

As noted by the government, however, the Supreme Court has specifically articulated the importance of supervised release:

> The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.   Congress intended supervised release to assist individuals in their transition to community life.   Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.

---

3   At present, Defendant has already served nearly three years of supervised release.

*United States v. Johnson*, 529 U.S. 53 (2000) (hereinafter "*Johnson* (2000)"). The government asserts that Defendant's supervised release should not be terminated because it fulfills the rehabilitative purpose intended by Congress.

Defendant's reply attempts to distinguish his case from the *Johnson* (2000) decision relied upon by the government on the basis that the defendant in *Johnson* 2000 was convicted of multiple federal offenses and would have been subject to a term of supervised release in connection with his other offenses which were unaffected by the granting of relief under section 2255. Defendant's reply states, "[v]acating Miller's sentence, unlike vacating some of Johnson's convictions, eliminates all of the sentence imposed upon Miller, not just a part of it." (ECF No. 43 at 3). The reply further states in pertinent part, "[t]hat will return [Miller] to the beginning of the sentencing process and leave this Court free to impose any lawful sentence, which is not required to include a term of supervised release. Miller is asking this Court for relief it can give." (*Id.* at 4). Defendant's reply further suggests that the court consider resentencing Defendant without the previously imposed $5,000 fine. (*Id.* at 5).

While the Court has discretion to impose no term of supervised release, the undersigned proposes that the presiding District Judge **FIND** that a three-year term of supervised release is appropriate in this matter. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge vacate and correct Defendant's sentence by reducing his term of supervised release from five years to three years under 18 U.S.C. § 3583(b)(2). The undersigned does not make a proposed finding and recommendation concerning the $5,000 fine previously imposed, which was addressed

9

for the first time in Defendant's reply, and leaves that matter to the discretion of the presiding District Judge.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit a copy to counsel of record.


April 23, 2018

Dwane L. Tinsley
United States Magistrate Judge