UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

BART ALLEN MILLER,

    Movant,

v.                                    Civil No. 2:16-cv-05723
                                      Criminal No. 2:02-cr-00035

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

The court has received the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Dwane L. Tinsley, filed on April 23, 2018, wherein it is found and recommended that the movant's Motion to Vacate, Set Aside or Correct Sentence be granted and that movant be resentenced to time served and his term of supervised release be reduced from five years to three years[1].

---

[1] Inasmuch as the § 2255 motion, filed by movant's attorney, did not address the fine of $5,000, which was first mentioned by the movant in his reply to the government's response before the magistrate judge, the PF&R takes no position on the fine. The fine, which has not been the subject of authoritative briefing in this case, has been paid to the extent of $2,287.57 according to the records provided to the probation officer by the United States Attorney's Office, which are hereby ORDERED filed. The court does not further consider the fine.

On April 26, 2018, the government filed its objections to the PF&R, wherein it states that it is in agreement that movant should be resentenced to time served, that the five-year term of supervised release be corrected to a term of three years, but that movant should continue on supervision until it expires.

On April 27, 2018, the movant filed his objections to the PF&R and asks that the court grant movant's § 2255 motion, resentence him to no more than the ten-year statutory maximum for the offense of conviction, eliminate supervised release by either not imposing it upon resentencing or terminating the term early, and eliminate the $5,000 fine as part of the sentence.

I.

On April 1, 2002, movant pled guilty and was convicted in the above-cited criminal case of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), which, without augmentation by the Armed Career Criminal Act ("ACCA"), carried a maximum sentence of ten years in prison and three years on supervised release. At a hearing memorialized by order entered on August 20, 2002, and at sentencing on August 19, 2002, Chief Judge Charles H. Haden, II,

found that movant had committed four prior offenses categorized as violent felonies under 18 U.S.C. § 924(e)(2)(B), being the ACCA which requires at least three such offenses. As specified in the indictment, the movant was previously convicted of the felony offenses of unlawful wounding, grand larceny, a 1987 conviction for breaking and entering, two 1991 convictions for breaking and entering, and third degree sexual assault. The presentence investigation report identified the sexual assault conviction[2], the two 1991 breaking and entering convictions, and the unlawful wounding conviction as predicate offenses, and the report noted that each could serve as a "violent felony" under the ACCA. The court adopted the statements contained in the presentence report as its findings of fact and conclusions of law. Consequently, movant was classified as an Armed Career Criminal subject to a mandatory minimum sentence of fifteen years of imprisonment and a term of supervised release as long as five years. With a guideline range of 188 to 235 months, he was sentenced by the sentencing judge to a term of 188 months followed by a five-year term of supervised release.

---

[2]The court notes that it does not reach a decision as to whether or not the defendant's conviction for third degree sexual assault constitutes a crime of violence inasmuch as movant does not have three qualifying convictions under the ACCA even if it counted.

As a result of the subsequent opinion by the United States Supreme Court in United States v. Johnson, 135 S.Ct. 2551 (2015), made retroactive by United States v. Welch, 136 S.Ct. 1257 (2016), the residual clause of the ACCA is deemed unconstitutionally vague, thereby violating due process. As fully developed in the PF&R, the grand larceny offense and the three breaking and entering offenses do not constitute violent felonies for purposes of the ACCA after Johnson. The movant is now deemed not to have met the requirements of the ACCA. Rather, he is subject to no more than the maximum statutory penalty of ten years imprisonment for the offense of convicted felon in possession of a firearm and no more than three years of supervised release.

## II.

Movant commenced his five-year term of supervised release on June 17, 2015. As noted above, the parties agree that the five-year term of supervised release originally imposed should be corrected to a term of three years, but disagree as to whether or not supervised release should be terminated before it expires on June 16, 2018.

The government contends that the movant should continue on supervision for the entire three-year term, citing the five noncompliance summaries submitted by United States Probation Officer Jeffrey D. Bella. Movant argues that, between the unwarranted time movant has spent in prison and the nearly three years he has already served on supervised release, the court should not require that he serve any more time under supervision.

The first noncompliance summary was submitted by the probation officer on November 19, 2015, due to the defendant having been cited for public intoxication and providing a urine sample which tested positive for marijuana. The second was submitted on January 19, 2016, reporting that the movant again tested positive for the use of marijuana. Nearly a year later, the third noncompliance summary was submitted reporting that the movant had tested positive for the use of an opiate in the form of a single unidentified pill. The fourth noncompliance summary, submitted on February 23, 2017, reported that movant, a sex offender, was arrested for failing to register or provide notice of registration changes, but he was merely moving back and forth between his home and his sister's home in winter time inasmuch as she had heat that was not available in his home.

The fifth noncompliance summary was submitted on February 7, 2018, indicating that, during a home contact at movant's residence on January 3, 2018, the probation officer observed marijuana and a smoking pipe sitting in plain view on the kitchen counter. The movant's girlfriend took responsibility for the marijuana and the probation officer noted that the defendant tested negative for controlled substances on January 29, 2018.

The court concludes that, despite the relatively minor infractions of supervised release committed by the defendant over a nearly three-year period, none of which has resulted in the filing of a revocation petition, and in view of the some three years movant spent in prison beyond the ten-year statutory maximum, it is proper to terminate supervised release at this juncture.

III.

The court adopts the findings and recommendation as set forth in the PF&R except as otherwise noted below and ORDERS as follows:

6

(1) Movant's Motion to Vacate, Set Aside, or Correct Sentence be, and it hereby is, granted to the extent set forth below;

(2) Movant's original sentence of 188 months imprisonment and five years of supervised release is VACATED;

(3) Movant, Bart Allen Miller, is resentenced to a term of imprisonment of TEN (10) YEARS;

(4) The court imposes a corrected term of supervised release of THREE (3) YEARS, which term is hereby terminated as of this date pursuant to 18 U.S.C. § 3583(e)(1); and

(5) In all other respects the Judgment Order entered in this action on August 20, 2002, shall remain in full force and effect.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record and the United States Probation Department.

DATED: May 4, 2018

_____
John T. Copenhaver, Jr.
United States District Judge